IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States | : | |
| | : | |
| v. | : | 3:CR-04-210-01 |
| | : | |
| Bradley Ostrander | : | JUDGE CONABOY |
| aka Bradley Brown, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM and ORDER

Before the Court is Bradley Ostrander's ("Defendant") Motion For Release Pending Trial.  This Court held a hearing on the motion on September 6, 2005.

For the reasons stated herein, the motion for bail will be denied and the Defendant will be ordered detained.

I   Background

The Defendant was charged in June of 2004 by way of a Superseding Indictment with two counts of criminal conduct, one of conspiracy to manufacture methamphetamine, and a second count of selling and distributing methamphetamine.  (See Doc. 12).

The Defendant has been in prison since June of 2004.

The Defendant has had Attorney Patrick Rogan and Attorney David E. Butler representing him at different times but he had some disagreements with them and at this point argues they did not properly interview him or question him and he was unsatisfied with their representation.

Recently, the Defendant appeared in Court and this Court was notified he would enter a plea of guilty pursuant to a plea

agreement.  Rather than plead guilty, however, the Defendant indicated to the Court he was unsatisfied with the advice given to him by Counsel and that he did not wish to enter into any plea agreement and wished to enter a plea to an indictment or superseding indictment without any plea agreement.  To protect the Defendant's interest the Court directed a brief continuance in the case and appointed the Federal Public Defender's Office to represent him.  Attorney Gino Bartolai of the Federal Public Defender's Office is presently representing the Defendant and filed this motion seeking his release on bail.

II   Presumption against Defendant's Release Pending Trial

At the outset of the hearing held September 6, 2005 the Court was notified that Defendant, through Counsel, has also filed a Motion to Suppress which the Government still has not responded to since the time has not yet expired.  The Government indicated it will file a response and a hearing on the Motion will probably be necessary.  The case is presently set for trial on September 27, 2005 but may have to be continued again if the hearing and action on the Motion is not completed by that time.

The concept of presumption of innocence i.e., that one is presumed innocent until proved guilty, and the concept of being entitled to be released on bail pending criminal charges being disposed of or pending trial are two of the most revered and long-standing rights that defendants are given under the criminal law in

2

the United States. These two rights come into significant play in this case. As is true with all rights, the Court as well as Counsel and the parties to this action must follow the law that has been passed and developed in such cases.

The law on bail and right to bail pending disposition of criminal charges is outlined in various cases such as <u>U.S. v. Delker</u>, 757 F2 1390, (3d Cir.1985) and <u>U.S. v. Heilig</u>, 633 F. Supp. 329, (1986), and in the United States Criminal Code at 18 U.S.C. 3341 et seq. At the outset of this case, the Court referred to such legal authorities and Counsel for the Government pointed out that very law provides that there is a presumption against release and in favor of detention whenever a Defendant either has a past record of violent behavior or the present charges against him, as in this case, are drug charges which provide potential penalties in excess of ten years. See 18 U.S.C. § 3142(e)(3). Therefore, the Defendant in this case is up against a presumption that no conditions can be set which will reasonably assure the safety of the community and that he will appear as necessary in his case.

The Defendant through his Counsel acknowledged this presumption and argued the presumption should not be invoked here because of the peculiar circumstances of the case.

III  <u>Argument</u>

The Defendant indicated he is willing to accept any conditions the Court would impose in order to gain his freedom on bail. He

3

testified that he feels he can secure employment although he was released from his last employment when his employer learned there were criminal charges against him.  He argues that he has been steadily employed most of his life.  He acknowledges he has two children with separate mothers, neither of whom he ever married, and states he has been making an effort to provide support as required and has only been behind on support since he is in prison. The Defendant further argued he has a place to live with his present "paramour" and that he would be willing to accept any conditions the Court imposed including treatment for addiction or past addiction, and reporting as often as required.  He argues he never failed to appear in the past whenever he was required to do so.  The Defendant has a rather lengthy record of past criminal behavior but argues there is no indication he was ever involved in any violent conduct and that he is no longer addicted and will never again allow himself to get involved in the use or sale of drugs.

The Government argues the Defendant indeed does have a past record which is not good and, whether or not one would consider whether there was violence in a previous burglary charged, the Defendant's record indicates he is not a stable person and would most likely be inclined to involve himself in criminal behavior if released.  (Defendant's record is part of a Pretrial Services Report).

The Government also argues the Defendant failed to overcome the presumption against his release in that he did not establish on the record enough evidence to indicate he is a person worthy of being released to the community.  In that regard, the Government argues that Defendant does not have a job, is not married, and in previous liaisons with women he has fathered children (even though he never married either of the mothers) and has been delinquent on the support payments to the children.  The Government further argues the Defendant acknowledges these facts.  The Government also asserts the Defendant admits past use of methamphetamines and that while he was in prison on previous charges he never sought to involve himself in any treatment programs that might have been available at the institutions where he was incarcerated.

The Government further argues that the length of time Defendant has been in prison is mainly due to the Defendant's own motions regarding Counsel and prior plea agreements.  Additionally, the Government argues there is a motion filed by the Defendant which will require the Government's response and perhaps even further hearing and perhaps further delay of the trial in this case.

Finally and most importantly, the Government argues it has a strong case against the Defendant regarding the present drug charges; that a Co-defendant will testify against him; and that others who are cooperating with the Government will testify that

they in turn were involved with or bought drugs from this Defendant.

IV  <u>Conclusion</u>

In ascertaining whether to detain or release a defendant, the court is directed by the statute to consider the available information concerning several factors, including: (1) the nature and seriousness of the offense charged; (2) the weight of evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  (See BRA § 3142(g)).

As a result of the hearing, testimony and argument in this case the Court finds as follows:

1. There is probable cause to believe the Defendant will be convicted of charges where the law provides a possible sentence of ten years or greater in prison, thus a rebuttable presumption arises against release. (See 18 U.S.C. 3142 (f)(1)(A)).

2. The Defendant has not overcome the presumption that no conditions or combination of conditions will reasonably assure his appearance, and the safety of other persons and the community.

3. The Government by argument and testimony has shown there is strong evidence against the Defendant.

4. The Defendant has not shown or established ownership or availability of any property or funds which could be posted as collateral to secure his bail.

6

    5.    The Defendant has acknowledged past drug use and possible addiction.

    6.    The Defendant has not established any strong family ties in the community.

    7.    The Defendant has not established that he would be able to or that he has obtained employment.

DATE: September 8, 2005

S/Richard P. Conaboy
Richard P. Conaboy
United States District Judge

```
             IN THE UNITED STATED DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |  |
|---|---|---|
| United States | : | |
| | : | |
| v. | : | 3:CR-04-210-01 |
| | : | |
| Bradley Ostrander | : | JUDGE CONABOY |
| aka Bradley Brown, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Now, this 8th day of September 2005, the defendant's Motion for Release Pending Trial is DENIED.

                                      S/Richard P. Conaboy
                                      Richard P. Conaboy
                                      United States District Judge